# EXHIBIT A

170205651-001 1/1 ①
美国 R D C
2017/06/22                    121

# 公　　　证　　　书

## 中华人民共和国天津市西青公证处

# 天津港保税区国际贸易服务有限公司

## TJFTZ INTERNATIONAL TRADE SERVICE CO.,LTD.

### 售贷合约   SALES CONTRACT

正 本
(ORIGINAL)

FAX: 022-58218329

TEL: 022-58218318

买方: TIANCHENG INTERNATIONAL INC.U.S.A.
2851 E.PHILADELPHIA ST.
ONTARIO, CA 91761
Buyers:

卖方: 天津港保税区国际贸易服务有限公司
Sellers: TJFTZ INTERNATIONAL TRADE SERVICE CO.,LTD.
Address: No.38 Yuanhang Road , Tianjin Binhai New Area
Comprehensive Bonded Area, 300308, China

合约编号: 14TBTC-E-0013
Contract No. 14TBTC-E-0013

日期: 2014/3/5
Date:. MAR 05,2014
签约地: 天津
Place: TIANJIN, CHINA

双方同意按下列条款由买方购进卖出下列商品:
The Buyers agree to buy and the Sellers agree to sell the following goods on terms and conditions as set forth below:

| （1） 货物名称及规格，包装及装运唛头<br>Name of Commodity and Specifications, packing and Shipping Marks | 2）数量<br>Quantity | （3）单价<br>Unit price | （4）总价<br>Total Amount |
|---|---|---|---|
| CREATINE MONOHYDRATE   80MESH | 8000kgs | $6 | $48000 |
| CREATINE MONOHYDRATE   200MESH | 500kgs | $6 | $3000 |
| BETAINE HCL | 3000kgs | $72 | $216000 |
| BETAINE NITRATE | 4000kgs | $70 | $280000 |
| | | | FOB TIANJIN |
| | TOTAL | | $547000 |

（装运数量允许有    %的增减）
（ Shipping quantity    %more or less allowed ）

(5)装运期限    2014/3/10
Time of Shipment:    MAR.10.2014.
(7)目的口岸:
Port of Destination:   LONG BEACH,USA
(6)装运口岸
Ports of Loading:   XINGANG,TIANJIN,CHINA
(8)保险投保:由买方按发票金额110%投保
Insurance: Risks for 110% of invoice value.
(9)付款条件
Terms of Payment:   T/T 90 DAYS
A.采用不可撤消信用证,信用证须遵守国际商会 UCP500 出版物之规定,该信用证须于 _____ 日到达卖方,并将于 _____ 日在中国到期,否则,卖方有权撤消合同及就此造成的损失,向买方提出索赔。
A. By an irrevocable letter of credit issued in accordance with ICC UCP NO.500.The covering L/C must teach the Seller and  is to remain valid until _____ in China ;failing which the Sellers shall reserve the right to cancel this Contract and to claim from the Buyer for the losses resulting there from.
B.其它付款方式:

B. By other means: BANK INFORMATION:
BANK NAME:CHINA MERCHANTS BANK
TIANJIN TEDA SUBBRANCH
SWIFT CODE:CMBCCNBS391
USD A/C:122904 1987 32901
(10)背面所列条款为本合同不可分割部分
All the terms and conditions overleaf form an integral part of this sales contract.

买 方: TIANCHENG INTERNATIONAL INC.U.S.A.

The Buyers

卖 方: 天津港保税区国际贸易服务有限公司

The Sellers.....................

天津港保税区国际贸易服务有限公司
TJFTZ INTERNATIONAL TRADE SERVICE CO., LTD.

PRESIDENT ZHANG YUCHUN

请在本合同签章后四页二份寄回
Please sign and return one copy for our file.

条款:
TERMS:

(1) 异议:品质异议须于货到目的口岸之日起 30 天内提出,数量异议须于货到目的口岸之日起 15 天内提出,但均须提供经卖方同意的公证行的检验证明,如责任属于卖方者卖方于收到异议 20 天内答复买方并提出处理意见.

QUALITY/QUANTITY DISCREPANCY: In case of quality discrepancy, claim should be filed by the Buyers Within 30 days After the arrival of the goods at port of destination, while for quantity discrepancy claim should be filed by the Buyers within 15 Days after the arrival of the goods at port of destination. In all cases, claims must be accompanied by Survey Reports of Recognized Public Surveyors agreed to by the Sellers. Should the responsibility of the subject under claim be found to rest on the part of the Sellers, the sellers shall, within 20 days after receipt of the claim, send his reply to the Buyer together with suggestion for Settlement.

(2) 信用证应明确规定卖方有权可多装或少装的百分数,并按实际装运数量议付.(信用证之全额应较本售货合约的全额增加相应的百分数..)

The sellers reserve the option of shipping the indicated percentage more or less than the quantity hereby contracted, and the Covering letter of Credit shall be negotiated for the amount covering the value of quantity actually shipped.(The Buyers are Requested to establish the L/C in accord with the indicated percentage over the total value of the order as per this Sales Contract.)

(3) 信用证内容须严格符合本售货合约的规定, 否则修改信用证的费用由买方负担卖方亦不负因修改信用证而延误装运的责任。并保留因此而发生的一切损失的索赔权。

The contents of the covering Letter of Credit shall be in strict accordance with the stipulations of the sales Contract:: in case of Any variation there of necessitating amendment of the L/C, the Buyers shall bear the expenses for effecting the amendment. The Sellers shall not be held responsible for possible delay of payment resulting from awaiting the amendment of L/C, and reserve The right to claim from the Buyers compensation for the losses resulting therefrom.

(4) 除约定保险归买方投保者外, 由卖方投保。如买方须如保险及或须加保其他险可于装船前提出, 经卖方同意后代为投保, 其费用由买方负担.

Except in cases where the insurance is covered by the Buyers as arranged, insurance is to be covered by the Sellers. If insurance For additional amount and/or for other insurance terms is required by the Buyers, prior notice to this effect must reach the Sellers before shipment and is subject to the Sellers' agreement, and the extra insurance premium shall be for the Buyers' account

(5) 商品检验:产地证明书或由中国_____所签发的品质数量/重量检验证,为作品质数量/重量的交货依据.

INSPECTION: The Certificate of Origin and / or the Inspection Certificate of Quality/Quantity/Weigh issued by_____
_____Shall be taken as the basis for the shipping quantity/quantity/weight.

(6) 因人力不可抗拒事故, 使卖方不能在本售货合约规定期限内交货或不能交货, 卖方不负责, 但是卖方必须立即以传真通知买方。如果买方提出要求, 卖方应以挂号函向买方提供由中国国际贸易促进会或有关机构出协的证明, 证明事故的存在。卖方不能例到进口证不能被认为系属人力不可抗拒范围。

The Sellers shall not be held responsible if they owing to Force Majeure causes fail to make delivery within the time Stipulated in this Sales Contract or cannot deliver the goods. However the Sellers shall inform immediately the Buyers by fax. The Sells shall deliver to the Buyers by registered letter, if it is requested by the Buyers, a certificate issued by the China Council for The Promotion of International Trade or by any competent authority, certifying to the existence of the said cause or causes. Buyer failure to obtain the relative Import Licence is not to be treated as Force Majeure.

(7) 仲裁: 一切因执行本合同所发生或与本合同有关之争执, 双方应友好协商解决。如协商不能解决时, 应提出中国国际经济贸易仲裁委员会, 按照申请仲裁时该仲裁委员会现行有效的仲裁规则进行仲裁, 仲裁地点在中国天津, 仲裁委员会的裁决为终局裁决, 对双方均有约束力。仲裁费用除非仲裁委员会另有解决外, 均由败诉方负担.

ARBITRATION: All disputes in connection with this contract or the execution thereof shall be amicably settled through negotiation. In case no settlement can be reached between the two parties, the two parties, the case under dispute shall be submitted to China international Economic and Arbitration Commission for arbitration, in accordance with the commission's arbitration Rules in effect at the time of applying for arbitration shall take place in Tianjin. The decision made by the Arbitration Commission shall be accepted as final and binding upon both parties. The fee for arbitration shall be borne by the losing party unless otherwise awarded.

(8) 附则:
本合同卖方受委托方委托签定此售货合同, 如因委托方责任造成此合同不能履行或不能按期交货或货到后发现质量/数量问题与合同规定不符, 买方应直接与委托方接洽解决。对此, 卖方不承担任何责任.

Remarks:
The Seller of this contract is entrusted to sign this contract. In case the contract can not be executed or the shipment can not be made on time or the quality / quantity of the arrived goods be found not in conformity with those stipulated in the contract owing to the Entrusting Party's faults, the Buyer shall contact the Entrusting Party for settlement directly and the Seller will not bear any responsibility.

# 公　证　书

(2017) 津西青公经字第 29 号

　　申请人：天津港保税区国际贸易服务有限公司，住所：
天津空港经济区综合保税区远航路 38 号。

　　法定代表人：蒋蕾，女，一九七五年四月十八日出生，
公民身份号码：12010719750418304X。

　　委托代理人：袁昊宸，男，一九九二年七月五日出生，
公民身份号码：120103199207056419。

　　公证事项：复印件与原件相符

　　兹证明前面的复印件与袁昊宸出示给本公证员的文件原
件相符。

中华人民共和国天津市西青公证处

公证员 沈轶



二〇一七年五月十日

I V00475017

NOTARIAL CERTIFICATE

(2017) JinXiQingGongJingZi No.29

Applicant: TPFTZ INTERNATIONAL TRADE SERVICE Co., Ltd., domicile: No.38, Yuanhang Road, Comprehensive Bonded Area, Tianjin Airport Economic Area, Tianjin.

Legal representative: Jiang Lei, female, born on April 18, 1975, ID Card No.: 12010719750418304X.

Agent: Yuan Haochen, male, born on July 5, 1992, ID Card No.: 120103199207056419.

Issue under notarization: Duplicated Copy in Conformity with the Original Copy

This is to certify that the above-mentioned duplicated copy is in conformity with the original copy of document which Yuan Haochen showed to the Notary.

Notary： Shen Yi

XiQing Notary Public Office of

Tianjin

The People's Republic of China

May 10, 2017

I V00475019

# 公　证　书

(2017)津西青公经字第 30 号

　　申请人：天津港保税区国际贸易服务有限公司，住所：天津空港经济区综合保税区远航路 38 号。

　　法定代表人：蒋蕾，女，一九七五年四月十八日出生，公民身份号码：12010719750418304X。

　　委托代理人：袁昊宸，男，一九九二年七月五日出生，公民身份号码：120103199207056419。

　　公证事项：译本内容与原本内容相符

　　兹证明前面的(2017)津西青公经字第 29 号《公证书》英文译本内容与该公证书中文原本相符。

中华人民共和国天津市西青公证处

公证员 



二○一七年五月十日

IV00475018

NOTARIAL CERTIFICATE

(Translation)

(2017)JinXiQingGongJingZi No.30

Applicant: TPFTZ INTERNATIONAL TRADE SERVICE Co., Ltd., domicile: No.38, Yuanhang Road, Comprehensive Bonded Area, Tianjin Airport Economic Area, Tianjin.

Legal representative: Jiang Lei, female, born on April 18, 1975, ID Card No.: 12010719750418304X.

Agent: Yuan Haochen, male, born on July 5, 1992, ID Card No.: 120103199207056419.

Issue under notarization:Translated Contents in Conformity with Those of Original Copy

This is to certify that the contents of the aforementioned translated English text of "Notarial Certificate" No.: (2017)JinXiQingGongJingZi No.29 are in conformity with those of the Chinese original copy.

Notary： Shen Yi

XiQing Notary Public Office of

Tianjin

The People's Republic of China

May 10, 2017

I V00475020

14



兹证明前面文书上公证处
的印章和公证员沈轶的签名
（印章）属实。

认字第1702056651-001号

中华人民共和国外交部
领事司一等秘书
二〇一七年六月二日

7125306

People's Republic of China)
Municipality of Beijing    )
                           ) ss:
Embassy of the United      )
States of America          )

                    John Ryan
                    Vice Consul

I, _____, Consul/Vice Consul of the United
States of America in Beijing, the People's Republic of China, duly commissioned and qualified,
do hereby certify that _____Zheng Xiaoling_____, whose true signature and official
seal are, respectively, subscribed and affixed to the foregoing document, was on the
___02nd___ day of ___June___, 2017, an officer of the
Ministry of Foreign Affairs of the People's Republic of China, duly commissioned
and qualified, to whose official acts faith and credit are due.

IN WITNESS WHEREOF I have hereunto set my hand and affixed the seal of the
Embassy of the United States of America in Beijing, the People's Republic of China this
___08th___ day of ___June___, 2017.

                                        John Ryan
                                        Vice Consul

15

**EXHIBIT B**

170205649-001 1/1 ①
美国 R D C                    121
2017/06/22

# 公　　　证　　　书

## 中华人民共和国天津市西青公证处

# 裁 决 书

## Arbitral Award



中国国际经济贸易仲裁委员会

CHINA INTERNATIONAL ECONOMIC AND TRADE ARBITRATION COMMISSION

# 中国国际经济贸易仲裁委员会

## 裁 决 书

申 请 人：天津港保税区国际贸易服务有限公司

地 　 址：中国天津空港经济区综合保税区远航路 38 号

仲裁代理人：天津金诺律师事务所 徐燕朝、李金晓

被 申 请 人：Tiancheng International Inc. U.S.A.

地 　 址：2851 E. Philadelphia St., Ontario, CA, USA

天 津

二〇一五年十月九日

# 裁 决 书

〔2015〕中国贸仲京裁字第 1059 号

中国国际经济贸易仲裁委员会（以下简称"仲裁委员会"）根据申请人天津港保税区国际贸易服务有限公司（以下简称"申请人"）与被申请人 Tiancheng International Inc. U.S.A.（以下简称"被申请人"）签订的标注日期为 2014 年 3 月 5 日、合同编号为 14TBTC-E-0013 的《售货合约》（以下简称"本案合同"）中的仲裁条款，以及申请人于 2015 年 3 月 19 日向仲裁委员会提交的书面仲裁申请，受理了申请人和被申请人之间的本争议仲裁案。本案案件编号为 G20150399。

本案仲裁程序适用自 2015 年 1 月 1 日起施行的《中国国际经济贸易仲裁委员会仲裁规则》（以下简称"《仲裁规则》"）。鉴于本案争议金额未超过人民币 500 万元，根据《仲裁规则》第五十六条的规定，本案程序适用《仲裁规则》第四章"简易程序"的规定；该章没有规定的事项，适用《仲裁规则》其他各章的规定。

2015 年 5 月 13 日，仲裁委员会仲裁院以特快专递方式向申请人和被申请人分别寄送了仲裁通知、《仲裁规则》和《仲裁员名册》，并同时向被申请人寄送了申请人提交的仲裁申请书及所附证据材料。经查，向被申请人寄送的上述通知和材料于 2015 年 5 月 18 日妥投。

鉴于本案合同约定仲裁地点在中国天津，本案拟在天津进行开庭。2015 年 6 月 17 日，仲裁委员会仲裁院以特快专

1

递方式向申请人和被申请人分别寄送了缴费通知，要求双方预缴赴天津开庭的相关费用。经查，向被申请人寄送的上述通知于 2015 年 6 月 22 日妥投。后，双方当事人均未缴纳费用，因此根据《仲裁规则》第八十二条的规定，本案将在仲裁委员会所在地即北京开庭。

由于申请人与被申请人未在规定期限内共同选定或共同委托仲裁委员会主任指定独任仲裁员，仲裁委员会主任根据《仲裁规则》之规定指定陶杰先生担任本案独任仲裁员。陶杰仲裁员在签署了《声明书》后，于 2015 年 7 月 14 日组成仲裁庭，审理本案。

仲裁庭经商仲裁委员会仲裁院决定于 2015 年 8 月 26 日在北京对本案进行开庭审理。仲裁委员会仲裁院于 2015 年 7 月 14 日以特快专递方式向申请人和被申请人分别寄送了组庭通知及其附件和开庭通知。经查，向被申请人寄送的上述通知于 2015 年 7 月 17 日妥投。

2015 年 8 月 26 日，仲裁庭如期在北京对本案进行了开庭审理。申请人委派仲裁代理人出席了庭审，被申请人经合理通知未出庭参加庭审，亦未说明理由。根据《仲裁规则》第三十九条的规定，仲裁庭对本案进行了缺席审理。庭审中，申请人陈述了其仲裁请求及所依据的事实与理由，出示了相关证据，对相关问题进行了说明，并回答了仲裁庭的提问。

庭后，申请人提交了相关事实的说明、补充证据、利息计算表，仲裁委员会仲裁院于 2015 年 9 月 1 日以特快专递方式向被申请人转去了申请人庭后提交的材料，并告知被申请人如对本案的程序或实体问题有任何意见，或需提交任何

2

证据，或申请仲裁庭再次开庭，均应于规定时间内以书面方式提交仲裁委员会。逾期，仲裁庭将进行下一步仲裁程序。经查，向被申请人寄送的上述通知已于 2015 年 9 月 4 日妥投。

在规定的期限内，被申请人未提交任何书面意见或材料。

本案全部仲裁文件均已按照《仲裁规则》第八条的规定有效送达双方当事人。

本案现已审理完毕，仲裁庭根据庭审情况和相关证据材料，依法作出本缺席裁决。

现将本案案情、仲裁庭意见和裁决分述如下：

# 一、案　情

申请人在其《仲裁申请书》中诉称：

2014 年 3 月 5 日，申请人与被申请人签订了合同编号为 14TBTC-E-0013 的《售货合约》（即本案合同----仲裁庭注）。本案合同约定被申请人向申请人购买 8,500 千克甲胍基乙酸（CREATINE MONOHYDRATE）、3,000 千克甜菜碱盐酸盐（BETAINE HCL）以及 4,000 千克甜菜碱硝酸盐（BETAINE NITRATE），总价款为 547,000.00 美元，付款方式为 T/T 90 Days。

本案合同签订后，申请人按照被申请人要求采购了货物，并在合同规定的期限内发送了合同货物，并进行了投保。被申请人在收到货物后并未对货物的质量提出异议。

3

后申请人催要货款，但被申请人的负责人避而不见，拒不履行合同规定的付款义务，已经构成严重违约。截至 2015 年 3 月 1 日，被申请人仍没有将 547,000.00 美元货款支付给申请人。

《中华人民共和国合同法》规定：对于合法成立的合同，合同双方当事人应当严格遵守，任何一方有违约行为的，守约方可以依法维护自身权益。在本案中，申请人积极履行了合同义务向被申请人发送了货物，被申请人却未能如约支付货款，被申请人的延迟和拒付行为给申请人造成了巨大的损失，无奈之下只能向仲裁委员会申请仲裁。并且，申请人因本案而支出的律师费用以及本案仲裁费用，也应当由被申请人承担。

因此，申请人在本案中提出如下仲裁请求：

1、裁决被申请人向申请人支付货款 547,000.00 美元。

2、裁决被申请人向申请人支付因延期付款给申请人造成的截至 2015 年 3 月 1 日的利息损失 23,684.35 美元（按照中国人民银行同期贷款利率计算）。

3、裁决被申请人向申请人支付因延期付款给申请人造成的从 2015 年 3 月 1 日至实际支付之日的利息损失（按照中国人民银行同期贷款利率计算）。

4、裁决被申请人赔偿申请人因本案支付而支出的律师费用人民币 75,000.00 元；

5、裁决被申请人承担本案仲裁费用。

被申请人没有提交答辩，也没有提交任何证据材料。

4

## 二、仲裁庭意见

### （一）本案合同适用法律

仲裁庭注意到，本案合同没有对其适用法律做出约定。根据《中华人民共和国合同法》第126条和《中华人民共和国涉外民事关系法律适用法》第 41 条的规定，本案合同应适用与其有最密切联系的国家的法律，具体而言，应适用履行义务最能体现该合同特征的一方当事人经常居所地法律。仲裁庭认为，鉴于本案合同为国际货物买卖合同，最能体现该合同特征的履行义务应为卖方承担的交付货物义务，因此，本案合同应适用卖方经常居所地的法律，即中华人民共和国的法律。

### （二）本案相关事实

经审理，仲裁庭认定如下基本事实：

（1）2014 年 3 月 5 日，申请人和被申请人签署了本案合同。根据本案合同的约定，申请人向被申请人出售 CREATINE MONOHYDRATE、BETAINE HCL 以及 BETAINE NITRATE 等货物，合同总价款为 547,000.00 美元 FOB 天津，装运期为 2014 年 3 月 10 日，装运港为中国天津新港，目的港为美国 Long Beach，付款条件为 T/T 90 天。

（2）同日（即 2014 年 3 月 5 日），申请人签发了商业发票和装箱单。2014 年 3 月 10 日，中国外轮代理有限公司向申请人签发了货物装船提单。申请人在天津新港海关履行了出口报关手续。

5

（3）2014 年 3 月 13 日，申请人将正本提单通过 DHL 快递给被申请人。

（4）被申请人至今没有向申请人支付合同价款 547,000.00 美元。

（三）违约行为及责任

仲裁庭注意到，根据《中华人民共和国合同法》第 60 条、第 107 条、第 109 条和第 159 等条款规定，合同当事人应当按照约定全面履行自己的义务；当事人一方不履行合同义务或者履行合同义务不符合约定的，应当承担继续履行、采取补救措施或者赔偿损失等违约责任；当事人一方未支付价款或者报酬的，对方可以要求其支付价款或者报酬；买受人应当按照约定的数额支付价款。

由上述仲裁庭认定之事实可见，申请人履行了本案合同项下的交货义务，被申请人依约应支付相应的货款。被申请人没有履行其支付货款的义务已经构成了违约行为，申请人有权按照上述法律相关规定要求被申请人承担相应的违约责任，包括要求被申请人支付合同价款并承担相应利息。

（三）关于申请人的仲裁请求

1、货款和利息。如上所述，被申请人应向申请人支付合同价款 547,000.00 美元。关于该等货款的利息，申请人提出的计算方法是合法合理的，仲裁庭予以认可。

2、律师费。《仲裁规则》第 52 条规定，仲裁庭有权根据案件的具体情况在裁决书中裁定败诉方应当补偿胜诉方办理案件而支出的合理的费用。鉴于仲裁庭对申请人的前述仲裁请求予以支持，并且申请人提供了律师费人民币 22,500 元的

6

发票和支付凭证，被申请人应承担申请人因本案仲裁而支出的律师费人民币 22,500 元。

3、仲裁费用。《仲裁规则》第 52 条规定，仲裁庭有权在裁决书中裁定当事人最终应向仲裁委员会支付的仲裁费和其他费用。鉴于仲裁庭对申请人的前述各项仲裁请求均予以支持，本案仲裁费用应由败诉方被申请人全部承担。

## 三、裁　决

基于上述分析和意见，仲裁庭裁决如下：

（一）被申请人向申请人支付货款 547,000.00 美元。

（二）被申请人向申请人支付上述 547,000.00 美元货款的截至 2015 年 3 月 1 日的利息 23,684.35 美元。

（三）被申请人向申请人支付上述 547,000.00 美元货款的从 2015 年 3 月 1 日计至实际支付之日的利息（按照中国人民银行同期贷款利率计算）。

（四）被申请人向申请人支付人民币 22,500.00 元，以赔偿申请人因本案支付而支出的律师费用。

（五）本案仲裁费人民币 125,331.00 元，由被申请人全部承担。上述费用已由申请人向仲裁委员会预缴的等额仲裁预付金予以冲抵，因此，被申请人还应向申请人支付人民币 125,331.00 元，以补偿申请人代其垫付的仲裁费。

以上各项应付款项，被申请人应在本裁决书作出之日起 20 日内支付完毕。

本裁决为终局裁决，自作出之日起生效。

7

（此页无正文）

独任仲裁员：

二〇一五年十月九日于天津

8

# 公 证 书

(2017)津西青公经字第 35 号

申请人：天津港保税区国际贸易服务有限公司，住所：天津空港经济区综合保税区远航路 38 号。

法定代表人：蒋蕾，女，一九七五年四月十八日出生，公民身份号码：12010719750418304X。

委托代理人：袁昊宸，男，一九九二年七月五日出生，公民身份号码：120103199207056419。

公证事项：复印件与原件相符

兹证明前面的复印件与袁昊宸出示给本公证员的《裁决书》原件相符。

中华人民共和国天津市西青公证处

公证员 



二○一七年五月十日

I V00475029

**Arbitral Award**



China International Economic and Trade Arbitration Commission

## China International Economic and Trade Arbitration Commission
### Arbitral Award

Applicant:Tianjin Port Free Trade Zone International Trade Service Co., Ltd.
Address: 38 Yuanhang Road, Comprehensive Bonded Area, Tianjin Airport Economic Area, Tianjin, China
Arbitration agent: XuYanzhao and Li Jinxiao, Tianjin Winners Law Firm

Respondent: Tiancheng International Inc. U.S.A.
Address: 2851 E. Philadelphia St., Ontario, CA, U.S.A.

Tianjin
October 9, 2015



# Arbitral Award

[2015] ZhongGuo Mao Zhong Jing CaiZi No. 1059.

In accordance with the arbitration clause of the *Sales Contract* numbered 14TBTC-E-0013 ("the Contract") signed by Tianjin Port Free Trade Zone International Trade Service Co., Ltd. ("the Applicant ") and Tiancheng International Inc. U.S.A. ("the Respondent") on March 5, 2014, as well as a written application for arbitration submitted by the Applicant on March 19, 2015, China International Economic and Trade Arbitration Commission ("CIETAC" or "the Arbitration Commission") accepted this dispute arbitration case ("the Case") between the Applicant  and the Respondent. The case number is G20150399.

The *Arbitration Rules of China International Economic and Trade Arbitration Commission* implemented since January 1, 2015 ("the Arbitration Rules") applies to the arbitration procedures of the Case. As the amount in dispute is not more than RMB 5 million, Chapter IV "Summary Procedure" of the Arbitration Rules applies to the Case in accordance with Article 56 of the Arbitration Rules; other chapters of the Arbitration Rules apply to the matters not regulated by Chapter IV.

On May 13, 2015, the arbitration court of CIETAC ("the Arbitration Court") sent an arbitration notice, a copy of the Arbitration Rules and a list of arbitrators to the Applicant and the Respondent separately via express mail service, and sent additionally to the Respondent the arbitration application and the attached evidence submitted by the Applicant. It was verified that the aforesaid notice and materials sent to the Respondent were duly served on May 18, 2015.

As it has been agreed in the Contract that the place of arbitration shall be Tianjin, China, the court session should have been held in Tianjin. On June 17, 2015, the Arbitration Court sent a notice of fee payment to the Applicant and the Respondent separately via express mail service, requiring the two parties to pay relevant expenses for the session to be opened in Tianjin. It was verified that the aforesaid notice sent to the Respondent was duly served on June 22, 2015. However, as neither party paid the expenses specified in the notice, the court session, in accordance with Article 82 of the Arbitration Rules, would be held in Beijing where the Arbitration Commission is located.

As the Applicant and the Respondent failed to jointly elect or jointly entrust the chairman of the Arbitration Commission to appoint a sole arbitrator within the specified period, the chairman of the Arbitration Commission appointed Mr. Tao Jie as the sole arbitrator for the Case according to the Arbitration Rules. After signing a *Letter of Declaration*, Mr. Tao Jie organized an arbitral tribunal ("the Arbitral Tribunal") on July 14, 2015 for the Case.

The Arbitral Tribunal decided to open a session for the Case on August 26, 2015 in Beijing. The Arbitration Court sent a notice of arbitral tribunal organization, the attached documents and a notice of arbitration to the Applicant and the Respondent separately via express mail service on July 14, 2015. It was verified that aforesaid notices sent to the Respondent were duly served on

1

July 17, 2015.

On August 26, 2015, the Arbitral Tribunal held a session for the Case as scheduled in Beijing. The arbitration agent appointed by the Applicant attended the trial on behalf of the Applicant, while the Respondent, in spite of due notification, neither attended the trial nor stated any reason. According to Article 39 of the Arbitration Rules, the Arbitral Tribunal proceeded with the arbitration by default for the Case. During the trial, the Applicant stated its claims and supporting facts and reasons, presented relevant evidence, explained relevant issues, and answered the questions of the Arbitral Tribunal.

After the trial, the Applicant submitted additional explanations for relevant facts, supplemental evidence, and an interest calculation form. The Arbitration Court sent to the Respondent the materials submitted by the Applicant after the trial via express mail service on September 1, 2015, and informed the Respondent that any objection of the Respondent on the procedural or substantive issues of the Case, any evidence of the Respondent or any application for additional session should be submitted to the Arbitration Commission in written form within specified period. The Arbitral Tribunal would proceed with the following arbitration procedures in case of delay in submission. It was verified that the aforesaid notice sent to the Respondent was duly served on September 4, 2015.

The Respondent submitted no written objection or material within the specified period.

All arbitration documents in relation to the Case have been duly served to the Applicant and the Respondent according to Article 8 of the Arbitration Rules.

Trial of the Case has been completed, and the Arbitral Tribunal hereby delivered the arbitral award by default based on the trial and related evidence.

The details of the Case, the opinions of the Arbitral Tribunal and the arbitral award are respectively stated as follows:

**I. Details of the Case**

It is stated in the Arbitration Application submitted by the Applicant that:

On March 5, 2014, the Applicant and the Respondent signed a *Sales Contract* numbered 14TBTC-E-0013 (namely the Contract). According to the Contract, the Respondent shall purchase from the Applicant 8,500kg Creatine Monohydrate, 3,000kg Betaine HCL and 4,000kg Betaine Nitrate with a total price of USD 547,000.00 subject to a payment term of "T/T 90 days".

After signing the Contract, the Applicant purchased the goods based on the requirements of the Respondent, delivered the goods within the period specified in the Contract, and had the goods insured by insurance company. The Respondent proposed no objection against the quality of the

2

goods after receiving the goods.

Later, the Applicant reminded the Respondent to make payment, but the person-in-charge of the Respondent avoided meeting the representatives of the Applicant, and refused to fulfill the payment obligation under the Contract, which constituted a significant breach of contract. Up to March 1, 2015, the Respondent still had not paid the price of the goods USD 547,000.00 to the Applicant.

It is stipulated in the *Contract Law of the People's Republic of China* that both parties to a duly executed and valid contract shall strictly abide by such contract, and in the event of any breach of contract by either party, the non-breaching party may protect its benefits according to the law. In the current Case, the Applicant actively performed its contractual obligations by delivering the goods to the Respondent, while the Respondent failed to make payment as agreed. The Respondent's failure to pay has caused huge loss to the Applicant, and the Applicant had to file an arbitration application to the Arbitration Commission. In addition, the attorney fee and the arbitration fee and expenses paid by the Applicant in relation to the Case shall be reimbursed by the Respondent.

Therefore, the Applicant made the following claims in the Case:

1. The Respondent shall pay the Applicant the price of goods amounting to USD 547,000.00.

2. The Respondent shall compensate the Applicant for the interest loss suffered by the Applicant due to the delayed payment up to March 1, 2015, which amounts to USD 23,684.35 (calculated with the loan interest rate stipulated by the People's Bank of China for the corresponding period).

3. The Respondent shall compensate the Applicant for the interest loss suffered by the Applicant due to the delayed payment from March 1, 2015 to the date of actual payment (calculated with the loan interest rate stipulated by the People's Bank of China for the corresponding period).

4. The Respondent shall compensate the Applicant for the attorney fee paid by the Applicant in relation to the Case, which amounts to RMB 75,000.00.

5. The Respondent shall bear the arbitration fee and expenses incurred by the Case.

The Respondent made no reply and submitted no evidentiary material.

## II. Opinions of the Arbitral Tribunal

(I) Governing law of the Contract

The Arbitral Tribunal notices that there is no clause on governing law in the Contract. According to Article 126 of the *Contract Law of the People's Republic of China* and Article 41 of the *Law of the People's Republic of China on Applicable Law for Foreign-related Civil Relationships*, the

3

Contract shall be governed by the laws of the country to which the contract is most closely related; in other words, the laws of the habitual domicile of the party whose performance of obligations can best manifest the features of the contract. In the opinion of the Arbitral Tribunal, as the Contract is a contract of international sale of goods, the obligation that can best manifest the features of the Contract is the obligation of the seller to deliver goods. Thus, the Contract shall be governed by the laws of the habitual domicile of the seller, namely the laws of the People's Republic of China.

(II) Facts related to the Case

Based on the trial, the Arbitral Tribunal recognizes the following fundamental facts:

(1) On March 5, 2014, the Applicant and the Respondent signed the Contract, based on which the Applicant sold the agreed goods to the Respondent, including Creatine Monohydrate, Betaine HCL and Betaine Nitrate with the total price of USD 547,000.00. The delivery term was "FOB Tianjin" with the date of shipment on March 10, 2014. The port of shipment was Tianjin New Port in China, and the port of arrival was Long Beach in U.S.A., the payment term was "T/T 90 days".

(2) On the same day (March 5, 2014), the Applicant issued a commercial invoice and a packing list. On March 10, 2014, China Ocean Shipping Agency Co., Ltd. issued an on-board bill of lading to the Applicant. The Applicant carried out customs clearance procedures for goods export at the Customs of Tianjin New Port.

(3) On March 13, 2014, the Applicant sent the original bill of lading to the Respondent via DHL express mail service.

(4) The Respondent has not paid the contractual price of goods amounting to USD 547,000.00 to the Applicant so far.

(III) Breach of contract and liabilities

As noticed by the Arbitral Tribunal, it is stipulated in Article 60, Article 107, Article 109 and Article 159 of the *Contract Law of the People's Republic of China* that parties to a contract shall comprehensively perform their obligations under the contract; where a party fails to perform its obligations under the contract, or its performance of obligations does not conform to the agreement, such party shall bear liabilities for breach of contract by specific performance, cure of non-conforming performance or payment of damages; where a party fails to pay contractual price or remuneration, the other party may claim such price or remuneration; the purchasing party shall pay the contractual price of goods as agreed.

From the aforesaid facts recognized by the Arbitral Tribunal, the Applicant performed the obligation of goods delivery under the Contract, and the Respondent should pay the price of goods as agreed. The failure of the Respondent to pay the price of goods has constituted breach of

4

contract, and the Applicant has the right to require the Respondent to bear liabilities for breach of contract in accordance with the aforesaid clauses of law, including paying the price of goods under the contract and bearing accrued interests.

(III) On the claims of the Applicant

1. Price of goods and interests. As stated above, the Respondent shall pay the Applicant the price of goods amounting to USD 547,000.00. With respect to the interest of the overdue payment, the calculation method used by the Applicant islegitimate and reasonable, and is recognized by the Arbitral Tribunal.

2. Attorney fee. According to Article 52 of the Arbitration Rules, the arbitral tribunal has the power to determine in the arbitral award, with regard to the circumstances of the case, which the losing party shall compensate the winning party for the expenses reasonably incurred by the case.As the Arbitral Tribunal supports the aforesaid claims of the Applicant, and the Applicant has provided invoice and payment voucher for the attorney fee amounting to RMB 22,500, the Respondent shall reimburse the Applicant for the attorney fee paid by the Applicant   in relation to the Case, which amounts to RMB 22,500.

3. Arbitration fee and expenses. According to Article 52 of the Arbitration Rules, the arbitral tribunal has the power to determine in the arbitral award the arbitration fees and other expenses to be paid by the parties to CIETAC. As the Arbitral Tribunal supports all the aforesaid claims of the Applicant, all the arbitration fee and expenses for the Case shall be borne by the losing party, namely the Respondent.

### III. Award

Based on the above analysis and opinions, the Arbitral Tribunal makes the following award:

(I) The Respondent shall pay the Applicant the price of goods amounting to USD 547,000.00.

(II) The Respondent shall pay the Applicant theaccrued interest of theaforesaid price of goods of USD 547,000.00 up to March 1, 2015, which shall be USD 23,684.35.

(III)The Respondent shall pay the Applicant the accrued interest of the aforesaid price of goods of USD 547,000.00 from March 1, 2015 to the date of actual payment (calculated with the loan rate stipulated by the People's Bank of Chinafor the corresponding period).

(IV) The Respondent shall pay RMB 22,500.00 to the Applicant to compensate the Applicant for the attorney fee spent by the Applicant in relation to the Case.

(V) The Respondent shall bear thetotal arbitration fee for the Case, which amounts to RMB 125,331.00. As such arbitration fee has been offsetbythe arbitration fee of equal amount paid by the Applicant in advance to the Arbitration Commission; the Respondent shall therefore pay

5

additionally RMB 125,331.00 to the Applicant to reimburse the arbitration fee paid by the Applicant in advance.

The Respondent shall pay the aforesaid amounts to the Applicant within 20 days after the Arbitral Award is made.

The Arbitral Award is final and becomes effective after the Award is made.

6

(Signature page)

Sole Arbitrator: Tao Jie

October 9, 2015    Tianjin

China International
Economic and Trade
Arbitration Commission

1100000135001



7

## NOTARIAL CERTIFICATE

(2017) JinXiQingGongJingZi No.35

Applicant: TPFTZ INTERNATIONAL TRADE SERVICE Co., Ltd., domicile: No.38, Yuanhang Road, Comprehensive Bonded Area, Tianjin Airport Economic Area, Tianjin.

Legal representative: Jiang Lei, female, born on April 18, 1975, ID Card No.: 12010719750418304X.

Agent: Yuan Haochen, male, born on July 5, 1992, ID Card No.: 120103199207056419.

Issue under notarization: Duplicated Copy in Conformity with the Original Copy

This is to certify that the above-mentioned duplicated copy is in conformity with the original copy of "Arbitral Award" which Yuan Haochen showed to the Notary.

Notary: Shen Yi

XiQing Notary Public Office of

Tianjin

The People's Republic of China

May 10, 2017

J V00475031

38

# 公　证　书

(2017)津西青公经字第 36 号

申请人：天津港保税区国际贸易服务有限公司，住所：天津空港经济区综合保税区远航路 38 号。

法定代表人：蒋蕾，女，一九七五年四月十八日出生，公民身份号码：12010719750418304X。

委托代理人：袁昊宸，男，一九九二年七月五日出生，公民身份号码：120103199207056419。

公证事项：译本内容与原本内容相符

兹证明前面的 (2017)津西青公经字第 35 号《公证书》英文译本内容与该公证书中文原本相符。

中华人民共和国天津市西青公证处

公证员 



二〇一七年五月十日

Ⅰ V00475030

NOTARIAL CERTIFICATE

(Translation)

(2017)JinXiQingGongJingZi No.36

Applicant: TPFTZ INTERNATIONAL TRADE SERVICE Co., Ltd., domicile: No.38, Yuanhang Road, Comprehensive Bonded Area, Tianjin Airport Economic Area, Tianjin.

Legal representative: Jiang Lei, female, born on April 18, 1975, ID Card No.: 12010719750418304X.

Agent: Yuan Haochen, male, born on July 5, 1992, ID Card No.: 120103199207056419.

Issue under notarization:Translated Contents in Conformity with Those of Original Copy

This is to certify that the contents of the aforementioned translated English text of "Notarial Certificate" No.: (2017)JinXiQingGongJingZi No.35 are in conformity with those of the Chinese original copy.

Notary： Shen Yi

XiQing Notary Public Office of

Tianjin

The People's Republic of China

May 10, 2017

Ⅰ V00475032

40



People's Republic of China)
Municipality of Beijing      )
Embassy of the United        )     ss:
States of America

*John Ryan
Vice Consul*

I, _____ , Consul/Vice Consul of the United
States of America in Beijing, the People's Republic of China, duly commissioned and qualified,
do hereby certify that ___*Zheng Xiaoling*___ , whose true signature and official
seal are, respectively, subscribed and affixed to the foregoing document, was on the
___*02nd*___ day of ___*June*___ , 201*7* , an officer of the
Ministry of Foreign Affairs of the People's Republic of China, duly commissioned
and qualified, to whose official acts faith and credit are due.

IN WITNESS WHEREOF I have hereunto set my hand and affixed the seal of the
Embassy of the United States of America in Beijing, the People's Republic of China this
___*08th*___ day of ___*June*___ , 201*7* .

*John Ryan
Vice Consul*